## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **RANDY J. GOODEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **3:08-CV-766-TFM** |
| **MICHAEL J. ASTRUE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits

under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., and

supplemental security income benefits under Title XVI of the Act,  42 U.S.C. §§ 1381 *et*

*seq*., Randy J. Gooden ("Gooden") received a hearing before an administrative law judge

("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected

review of this decision, it became the final decision of the Commissioner of Social

Security ("Commissioner").  Judicial review proceeds pursuant to 42 U.S.C. §§  405(g) ,

1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court

AFFIRMS THE COMMISSIONER'S decision.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982).  This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied."  *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla —  i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Gooden, age 43 at the time of the hearing, completed eleven years of school. Gooden's past relevant work includes construction laborer, machine operator, and packer. He has not engaged in substantial gainful work activity since the alleged onset date of March 16, 2005.  Gooden's disability application claims he is unable to work because of a bad back, ruptured disc and pinched nerve down the right side of his body.[1]

The ALJ found Gooden is severely impaired by herniated nucleus pulposus L5-S1, but that this impairment does not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.[2]  This finding was based upon several factors considered by the ALJ, including the absence of an opinion by any treating or examining source that Black is unable to work.[3]

Gooden's application and hearing testimony show he suffered nerve and disc damage while pulling heavy drums filled with cotton on March 16, 2005.[4]  On March 15, 2005, Gooden complained to his primary care physician of numbness/ tingling in his right hand and wrist areas, and right hip pain with radiation to his right leg.  He was given a carpal tunnel splint and Lortab for pain.  On March 28, 2005, an MRI of Gooden's lumbar spine showed a loss of disc space height and disc desiccation at L5-S1.[5]  On April 19, 2005, Gooden was examined by Dr. James Lyle.  Dr. Lyle observed that Gooden walked with a normal gait, had slightly decreased range of motion in all planes, had no

---

[1] R. at 86.
[2] R. at 22.
[3] R. at 25-26.
[4] R. at 50-51, 87.
[5] R. at 142.

real tenderness, a positive straight leg raise on the right side, and 5/5 motor. Dr. Lyle referred Gooden for some lumbar epidural injections with a follow up appointment in one week.[6] Dr. Lyle instructed Gooden not to return to work pending treatment and further examination.[7]

Records from the Pain Management Center at East Alabama Medical Center show Gooden was treated on Dr. Lyle's referral in April and May of 2005. Gooden received three epidural injections from Dr. J. Gary Bridges during this period. At the end of this course of treatment, Gooden reported "discomfort from his knee down to his foot and the rest of his pain [was] actually gone."[8] Gooden was reexamined by Dr. Lyle on June 24, 2005. Dr. Lyle found Gooden's right leg was doing pretty well, but with continued mild to moderate back pain. Dr. Lyle noted the pain was of recent origin and may have been caused when Gooden was doing some work.[9] Dr. Lyle continued Gooden's anti-inflammatory medication and released him for work with a weight limit of 10 pounds on lifting, pushing and pulling; alternate standing and sitting for pain, no excessive bending/ kneeling/crawling; and no ladder or repetitive stair climbing.[10]

A disability specialist performed a residual functional capacity (RFC) evaluation from a review of Gooden's medical records. The assessment determined that, effective one year after the alleged onset date, Gooden could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk up to 6 hours in an 8-hour workday, and sit up

---

[6] R. at 152.
[7] R. at 152, 154.
[8] R. at 128.
[9] R. at 144.
[10] R. at 144-45.

to 6 hours in an 8-hour workday.[11]  These findings were based on good results from Gooden's epidural injections, and Dr. Lyle's office notes from June, 2005.[12]  The assessment placed Gooden's capacity for work in the light duty range.[13]

Gooden testified that he lives with his mother but does not perform any household chores.[14]  He described his past jobs and stated that he last worked on March 13, 2005, when he injured his back.[15]  Gooden takes over the counter pain relievers because he cannot afford his prescribed medications or additional visits to his physician.[16]  He placed his last doctor's visit in March, 2005.[17]  Gooden told the ALJ that his back got worse instead of better after receiving his last epidural shot in May, 2005, that he uses a cane to get up and sit down, and that he can sit for only 30 or 40 minutes at a time.[18]  Gooden estimated he can pick up 10 pounds without experiencing pain and stated that he cannot climb stairs.[19]

Dr. James Anderson provided medical expert testimony at the administrative hearing.  Dr. Anderson's review of the medical record showed chronic lower back pain with a history of L5-S1 disc disease, with no medical treatment of any significance in the two years preceding the hearing.  His opinion was that Gooden's condition does not meet or equal a regulatory listing.[20]  Dr. Anderson also opined that Gooden's condition

---

[11] R. at 156.
[12] R. at 157.
[13] R. at 161.
[14] R. at 45, 54.
[15] R. at 46-48.
[16] R. at 45-46; 52-53.
[17] R. at 49.
[18] R. at 53-54.
[19] R. at 55-56.
[20] R. at 57.

reached the severity level reflected in his medical records in March of 2005, and that he would be limited to light work activity.[21] The ALJ gave substantial weight to Dr. Anderson's opinion, finding it was well supported by medical evidence and consistent with the record as a whole.[22]

Marcia Schulman provided vocational expert (VE) testimony. The ALJ asked Schulman whether a person with the limitations set forth in the state agency's RFC assessment could perform Gooden's past work. Schulman said that Gooden could not perform past work, but that he could perform several light work jobs, including assembler, janitor, cleaner, grader, or sorter.[23] Schulman testified that Gooden would not be able to perform any work if the pain and limitations he testified to were accurate.[24]

After considering testimony from all experts and reviewing the record, the ALJ found that although Gooden's impairments could reasonably be expected to produce the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible. The ALJ based this finding on the relatively weak medical evidence in the record, and his decision to discount Gooden's reports of severely limited daily activities. Factors in this decision were Gooden's routine and/or conservative medical treatment coupled with a dearth of recent medical care. The ALJ also questioned Gooden's willingness to work because of the sporadic nature of his previous employment. The ALJ found Gooden's demeanor and appearance to be unpersuasive, but emphasized that this observation was only one among many in

---

[21] R. at 58.
[22] R. at 25.
[23] R. at 62.
[24] R. at 62.

the credibility determination process. Finally, the ALJ noted the medical record does not contain any opinions from treating or examining physicians indicating that he is unable to work.

The ALJ found Gooden unable to perform past work and could not perform the full range of light work.[25] The ALJ found Gooden able to perform the jobs cited by the VE, as limited by the state agency's RFC assessment. These occupations include assembler, janitor/cleaner, and grader/sorter.[26] The finding that Gooden is able to perform these jobs led the ALJ to conclude he was not entitled to disability benefits under the Act.[27]

### III. ISSUES

Gooden raises two issues for judicial review:

1. Whether the ALJ's RFC findings are based on substantial evidence; and

2. Whether the ALJ failed to properly evaluate Plaintiff's subjective complaints.

### IV. DISCUSSION

#### 1. **The record provided substantial evidence for the ALJ's RFC findings.**

Gooden raises multiple challenges to the ALJ's RFC findings, all of which go to whether the finding is supported by substantial evidence. He argues that 1) the ALJ erred in his reliance on the state agency's prospective RFC findings, and failed to articulate an evaluation of his functioning in the twelve month period between his injury on March 16, 2005; 2) the RFC findings were made in a "complete vacuum of evidence" because the

---

[25] R. at 26, 27.
[26] R. at 26, 27.
[27] R. at 27-28. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

record does not contain any information on his medical treatment after June, 2005; and 3) the RFC findings posed a conflict with restrictions imposed by an examining physician's, and with Gooden's own testimony. The Commissioner responds the RFC findings are supported by the record and that it is the claimant's burden to prove an RFC which establishes disability.

Regulations define disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 20 C.F.R. § 404.1505(a). The RFC assessment in the record stated that was for the period beginning one year after the alleged date of onset, but did not address his capacity for work in the intervening year.[28] This does not help Gooden overcome the twelve month requirement, because Dr. Lyle released Gooden for restricted work duty after the examination on June 24, 2005.[29] Gooden does not challenge this opinion, and therefore cannot argue that he was incapable of the limited work capability reflected in Dr. Lyle's treatment notes. Dr. Lyle clearly found Gooden was capable of some work approximately three months after the alleged onset date of disability, and indeed, wrote that Gooden's new back pain resulted from Gooden's "doing some work." Therefore, Gooden cannot satisfy the regulatory requirement that he is unable to work for a continuous period of not less than twelve months. The record evidence from Dr. Lyle's notes shows that Gooden was able to work in 2005, and

---

[28] R. at 155, 161.
[29] R. at 157; 144-45.

consequently negates Gooden's allegation of error in the ALJ's failure to make specific findings of disability for the time between March, 2005 and March, 2006.

Gooden's second argument against on the ALJ's RFC findings asserts the dearth of medical information between June, 2005 and the hearing date in August, 2007 should have prompted the ALJ to order an additional evaluation. He further argues that the discrepancy between his testimony that he last saw a doctor in March, 2005, despite evidence of treatment in June, 2005, should have been caused the ALJ to investigate the last date of treatment. Gooden also suggests the ALJ should have ordered a consulting examination to fully develop the administrative record.

The Commissioner's brief explains that the state agency requested treatment records from Dr. Lyle on August 22, 2005, and the last records received were the notes from June 24, 2005. The ALJ could reasonably assume that Gooden did not keep his three-week follow-up with Dr. Lyle, and that no further records are available from him. Further, though Gooden raises the issue of additional treatment notes which may exist from the latter part of 2005, he never directed the ALJ to those records. *See McCloud v. Barnhart*, 166 Fed.Appx. 410, 418 (11th Cir. 2006) (plaintiff is in the best position to inform the ALJ as to treatment history, and by failing to do so, the plaintiff failed to carry burden of proof.). Regulations give claimants the responsibility of providing evidence as to how impairments limit functioning during the period for which they claim disability. 20 C.F.R. § 416.912(c). Consultative examinations are generally requested when a claimant's own medical sources cannot or will not provide available records of treatment. 20 C.F.R. § 416.912(f). In this case, Gooden did not direct the Commissioner to any

9

physicians who had treated him, and again, the ALJ could reasonably assume that there were no records available because Gooden had not sought further treatment.

Gooden also argues the RFC findings adopted by the ALJ are inconsistent with the restrictions set out by Dr. Lyle, and also with his testimony as to his own capabilities.[30] The Commissioner points out that Dr. Lyle's restrictions were valid only until the next appointment, and Gooden never returned for further examination. Gooden cannot base an argument for disability on his own failure to return for treatment and updates on possible progress. Dr. Anderson's testimony that Gooden's chronic low back pain would limit him to light work activity was deemed consistent with the weight of the record and given significant weight by the ALJ.

## 2. **The ALJ properly evaluated Plaintiff's subjective complaints.**

Gooden argues his testimony of pain and subjective symptoms established disability under the Eleventh Circuit pain standard. The Commissioner responds that the ALJ properly evaluated the credibility of Gooden's subjective complaints, correctly applied the Eleventh Circuit pain standard, and issued a finding supported by substantial evidence.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The Eleventh Circuit has set forth criteria for establishing a disability based on testimony of pain and other symptoms. It explained that

---

[30] The ALJ's credibility findings regarding Gooden's testimony are discussed in Section 2, *infra*.

a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted). A

"claimant's subjective testimony supported by medical evidence that satisfies the pain

standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921

F.2d 1233, 1236 (11th Cir. 1991). "Indeed, in certain situations, pain alone can be

disabling, even when its existence is unsupported by objective evidence." *Foote v.*

*Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must explicitly explain why he

chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a

claim based on disabling subjective symptoms, the ALJ considers medical findings, a

claimant's statements, statements by the treating physician and evidence of how the pain

affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a).

Under *Wilson*, a claimant's subjective testimony can establish disability if it is

sufficiently supported by medical evidence. *Brown* at 1236. An ALJ's credibility

findings are an important factor in the application of the pain standard. *Wilson, id*. Here,

the ALJ found Gooden's medically determinable impairments could reasonably be

expected to produce the alleged symptoms, but his testimony concerning the intensity,

persistence and limiting effects of the symptoms were not entirely credible.[31] Gooden's

---

[31] R. at 25.

testimony was deemed not credible by the ALJ because of inconsistencies between his testimony of disabling pain, relatively weak medical evidence, and the routine nature of his treatment. The ALJ found Gooden unpersuasive because of his appearance and demeanor. "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Gooden's complaints of chronic and severe pain related to his back were inconsistent with the absence of medical treatment for approximately two years before his administrative hearing. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, and use of pain medication in affirming ALJ's conclusion that "pain standard" was not met.); *see also Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984) (noting that, when considering allegations of pain, an ALJ must weigh the overall record, including frequency of treatment, use of medications, and conflicting statements).

This Court accepts the ALJ's credibility findings, as the ALJ articulated explicit and adequate reasons for his finding. *Dyer, id.* Furthermore, the Court finds other cause to doubt Gooden's testimony regarding her activities, as it was inconsistent with the information he gave Dr. Lyle. Dr. Lyle's notes state Gooden was experiencing new back pain that began when he was doing some work.[32] This is inconsistent with his testimony

---

[32] R. at 144.

and written statements that he has been unable to work, and has not worked, since March of 2005.[33]

The ALJ articulated adequate reasons to reject Gooden's subjective testimony about pain and disability, based on credibility findings, so that the pain standard was not met in this case. The record supports his findings, and there is no reversible error as to this issue.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.** A separate judgment is entered herewith.

DONE this 23rd day of February, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[33] R. at 46, 87.